

FILED
CLERK, U.S. DISTRICT COURT

JUL 3 1 2015

CENTRAL DISTRICT OF CALIFORNIA
BY                           DEPUTY

1 Jorge Alejandro Rojas
2 rojas.jorge96@gmail.com
3 21305 Brighton Ave
  Torrance, CA 90501
4 424-219-1582
5 Plaintiff in *Pro Se*

6

7

8

9           **UNITED STATES DISTRICT COURT**

10      **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

11      CV 15 - 05811 - AB(PLAx)

12                               Case No.: _____

13 JORGE ALEJANDRO ROJAS,        )

14          Plaintiff,           )

15                               )
     vs.                         )
16                               )  **COMPLAINT FOR INJUNCTIVE**

17 FEDERAL AVIATION              )
   ADMINISTRATION,               )  **RELIEF**
18                               )
19          Defendant            )

20

PAID

JUL 3 1 2015

Clerk, US District Court
COURT 4C

21         **COMPLAINT FOR INJUNCTIVE RELIEF**

22

23

24     1. This is an action under the Freedom of Information Act (FOIA), 5 U.S.C. §

25 552, for injunctive and other appropriate relief, seeking the production of agency

26

27

28
                                                                        **Page 1**

records requested by the Plaintiff on May 20, 2015 from the Federal Aviation Administration (FAA). The agency has failed to respond to a timely appeal.

2. This lawsuit challenges the agency's failure to disclose documents in response to Jorge A. Rojas' (Plaintiff) FOIA request and subsequent appeal. Plaintiff seeks information concerning the validation of the biographical questionnaire/assessment used to screen candidates for Air Traffic Control Specialist – Trainee positions with the Federal Aviation Administration.  The agency denied FOIA request 2015-006130 and the adverse determination was timely appealed. The result of the appeal was due on or around July 24, 2015. As of the date of this filing, no notification has been received.

## JURISDICTION AND VENUE

3. This court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B). Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B). The court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

4. Plaintiff has exhausted all of his administrative remedies available. A timely appeal was filed to an adverse determination and the appeal response due date has

passed. Since there has been no response from the agency Plaintiff has been constructively denied his FOIA appeal.

**PARTIES**

5. Plaintiff, Jorge A. Rojas, is the requester of the records which defendant is now withholding. Plaintiff has requested this information for use in fact finding for an EEO complaint and prompt release of the information is requested to assure his due process rights for information and to comply with timelines for such EEO complaint. Plaintiff also wishes to promote transparency, integrity, and accountability within the agency. Plaintiff wishes to disclose information to the public regarding activities the agency is conducting. There is a genuine public interest in the documents requested as evidenced by recent media coverage by Fox Business and other networks.

6. Defendant Federal Aviation Administration is an agency of the United States within the meaning of 5 U.S.C. § 552(f)(1) and has possession, custody, and control of the documents that plaintiff seeks. The agency is headquartered at 800 Independence Ave, SW Washington, DC 20591.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## FACTS

7. By electronic submission (*See* <u>Exhibit 1</u>) dated May 20, 2015, plaintiff requested records including those listed below. Plaintiff requested additional records but the primary focus of this civil action is the one listed below.

    1.  "Information regarding the empirical validation of the biographical assessment noted in the rejection notification. This includes any report, created by, given to, or regarding APTMetrics' evaluation and creation and scoring of the assessment.

8. The agency confirmed receipt of the FOIA and assigned it tracking number 2015-006130 with a letter dated June 18, 2015 and identified Shantell Frazier as the point of contact for this request (*See* <u>Exhibit 2</u>). This request was split in to several portions to different organizations within the agency. The contested action is "Office of the Chief Counsel" response. Other organizations have stated they have no responsive records regarding this request in regards to a validation study.

9. The agency sent a letter dated June 18, 2015, informing the applicant of an adverse determination (*See* <u>Exhibit 3</u>). The agency claimed Exemption 5 as the

sole reason to withhold responsive records. Specifically, the agency claims that the documents located are pre-deliberative and attorney-client communications.

10. Other agency components have replied with a "no-records" response regarding this or similar FOIA request.

11. The agency provided 45 days to appeal the adverse determination. An appeal was filed through electronic e-mail to the address listed on the adverse determination denial letter on the evening of June 24, 2015. Attached to that email was a document stating my basis for requesting an appeal and why the cited exemptions do not apply to the documents requested (*See* Exhibit 4).

12. The agency has twenty working days to notify Plaintiff of its determination regarding the appeal after it has been received, pursuant to 5 U.S.C. § 552(a)(6)(A)(i). The agency had until July 24, 2015 to advise of its determination. A reasonable amount of time has been allotted for mail sent on the 24th to arrive prior to the date of this filing. Through the date of this filing no response has been received from the agency.

## REQUESTED DOCUMENTS ARE NOT PRE-DECISIONAL

13. The above paragraphs are incorporated by reference as if fully restated here.

14. The agency invoked the "deliberative process privilege" as one of its justifications for withholding responsive records. The agency wrote in its FOIA denial letter, "To allow the release of these records would discourage open and frank discussions between agency employees that are helpful in assessing the hiring process and would create confusion in those cases where recommendations and opinions are not adopted."

15. The documents requested are not pre-decisional. Documents requested are "information regarding the empirical validation of the biographical assessment." The biographical assessment/questionnaire was used to screen candidates for positions as "Air Traffic Control Specialist – Trainee" in February 2014 and March 2015.  The agency claims that the test has been validated, based on the rejection notification it provides to those who failed the examination (*See* <u>Exhibit 5</u>). Recent public scrutiny has started to uncover issues with the process used to hire air traffic controllers and calls in to question the validity of these assertions that the exam was validated.

16. The examination has already been used, and a pass/fail score or result has been assigned to each candidate who applied for the March 2015 and February 2014 hiring announcements. This indicates that decisions have already been made on the exam. No further steps are required to grade the examination, and as a result there is nothing that could change the pass/fail score of those who took the examination. Those "recommendations and opinions" regarding the biographical test have already been adopted, as evidenced by the agency having finished grading the examination and notifying the applicants. The agency has already finished using the biographical assessment and is now using other application steps to further select the candidates.

17. Since the responsive documents have already been used in making a determination of who passed or failed the examination, and no further steps related to the biographical assessment validation are required, the FAA can't claim that they have not yet made final decisions. Those applicants who did not pass the exam are no longer in the pool of candidates to become controllers. Additionally, many of those who applied for the February 2014 job vacancy announcement, which utilized the examination referenced in the FOIA, and passed the

examination, have already been hired by the agency. This further shows that there are no pending decisions to be taken resulting from a validation study of the test.

18. The fact that the agency references that the examination has been validated, in its rejection notice to candidates who failed the assessment, further shows that decisions have already been taken. The agency would not incorporate a validation study by reference through such a statement if decisions were still being contemplated. Once pre-decisional documents lose Exemption 5 protection through this method of incorporation by reference (NLRB v. Sears, Roebuck & Co., 421 U.S. 132, 161 (1975))

19. Additionally, a document which was once pre-decisional can loose its status and become final after the agency has adopted it in it's decision (*Coastal States Gas Corp.*, 617 F.2d at 866.). Since the agency claims to have used the document (which is a validation study) in its evaluation of the validity of the assessment, it has become post-decisional.

20. The purpose of this exemption is to "prevent injury to the quality of agency decisions", and that quality will not be changed by the release of responsive

documents, as the decisions have already been made (*NLRB v. Sears, Roebuck & Co.* 421 U.S. at 151. (1975)). Decisions about who has passed the subject exam have been made, and "the public is vitally concerned with the reasons which did supply the basis for an agency policy actually adopted." (*Id.* at 152.).

## REQUESTED DOCUMENTS ARE NOT DELIBERATIVE

21. The above paragraphs are incorporated by reference as if fully restated here.

22. In its adverse determination the agency claims that records are deliberative in nature.

23. Records requested are not deliberative in nature. Records are only deliberative when they "reflect the personal opinions of the writer rather than the policy of the agency" (*Morley*, 508 F.3d at 1127). This document is reflecting the policy of the agency in taking actions regarding the biographical assessment. By the agency making determinations of the candidates qualifications based on a biographical test it is making a policy decision, not a personal decision based on the opinions of the writer.

24. The records become policy, not personal opinions, when the agency refers to the validation study as being a justification for the biographical test being a valid instrument to determine the qualification of candidates for the position (See Exhibit 5). Factual information, including validations, do not expose the deliberative process and should therefore be disclosed (EPA v. Mink, 410 U.S. 73, 91 (1973)).

25. Fulfilling this request would not stifle agency decision making. Decisions regarding the biographical assessment have already been rendered.

## REQUESTED DOCUMENTS ARE NOT ATTORNEY-CLIENT CONFIDENTIAL

26. The above paragraphs are incorporated by reference as if fully restated here.

27. The agency claims that attorney-client communications are also a justification for not releasing documents. The final report requested should not include solely attorney-client communications. The primary purpose of the document which was requested was a study of the validation of an exam used to screen air traffic control candidates. A different component of the agency has

already publicly released a report which says that there is weak correlation

between success as an Air Traffic Controller and the results of a biographical based

personality test (Using Biodata to Select Air Traffic Controllers) (*See* <u>Example 6</u>). A

validation study regarding a biographical exam does not count as attorney client

communications. The validation was not solely completed by legal counsel.


28. The agency also alleges that "open and frank discussions" are occurring, per

the adverse determination letter. Although this is not possible since the agency has

made a final decision regarding the biographical assessment, the statement

contradicts the attorney-client privilege claim. If the agency is having open and

frank discussions internally it shows that there is no expectation of confidentiality

or secrecy regarding the information. This sort of information is not exempt

through Exemption 5 (*Judicial Watch, Inc.* 297 F.Supp.2d at 267.)


29. Other components of the agency have returned a response that there are no

records regarding the biographical assessment/questionnaire. Other components

have also identified that they have done a search in other places likely to find

responsive documents and they have not found anything. This further demonstrates

that there is no attorney-client privilege to be invoked as other organizations have not cited this exemption.

## DEFENDANT HAS ACTED IN BAD FAITH

30. Plaintiff alleges that the Defendant has acted in bad faith regarding this, and similar FOIA requests. The agency has failed to issue a timely decision regarding an appeal. Similarly, the agency has ignored the assignment of a tracking number or having received and routed 4 other Freedom of Information Act requests within the required ten day period. The agency has ignored multiple requests for information regarding status updates and confirmation of receipt. The agency has demonstrated through its handling of FOIA requests that it is acting in an arbitrary and capricious manner. For this reason Plaintiff requests this court, using its authority pursuant to 5 U.S.C. § 552(a)(4)(F), refer the matter for an independent investigation.

## RELEASE IS IN THE PUBLIC INTEREST

31. Release of the validation study would allow for a more transparent view of current controversial practices the agency is conducting, regarding the hiring of air

traffic controllers. The agency has been subjected to scrutiny regarding the changes and has failed to provide proof for its allegations that there is a lack of diversity in the job field and demonstrate that the new instrument used to validate the exam is actually valid. The agency has already published a document demonstrating that there is insufficient basis for hiring based on results to a biographical based exam. That being the case, the agency continues to claim the instrument used to qualify candidates has been validated.

32. Defendant has already published other reports regarding examinations to screen air traffic control candidates. These disclosures have been made without destroying or compromising the integrity of the actual test. For example, circa 1981, the agency released a 2 volume report on the Air Traffic – Standardized Aptitude Test's validation.

## REQUESTED RELIEF

WHEREFORE, plaintiff prays this Court:

(1) order Defendant to conduct a search for any and all responsive records to Plaintiff's FOIA request and demonstrate that it employed search methods

reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA request;

(2) order Defendant to produce, any and all claimed nonexempt records to Plaintiff's FOIA request and a Vaughn index of any responsive records withheld under claim of exemption;

(3) order Defendant to produce the responsive document(s) identified to be exempt under Exemption 5;

(4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E);

(5) Expedite this proceeding as provided for in 28 U.S.C. § 1657;

(6) Refer the inappropriate handling of FOIA requests for investigation, under the authority of 5 U.S.C. § 552(a)(4)(F);

(7) Grant such other and further relief as may deem just and proper.

Respectfully submitted,

Jorge Alejandro Rojas

21305 Brighton Ave

Torrance, CA 90501

DATED: July 31, 2015

Jorge Alejandro Rojas
In Pro Se

Federal Aviation
Administration

# FOIA Form
## Your request has been submitted

Your FOIA request has been submitted. Save or print this page for your records.                    ✕

Jorge A Rojas
self
21305 Brighton Ave

Torrance, CA 90501

May 20, 2015

Federal Aviation Administration
National Freedom of Information Act Staff, ARC-40
800 Independence Avenue, SW
Washington, DC 20591

FOIA Coordinator:

This is a request under the Freedom of Information Act. I request that a copy of the following documents (or documents containing the following information) be provided to me:

1) I am requesting all records concerning my application for the March 2015 Air Traffic Control Specialist hiring announcement. This includes information regarding the reason for failing the biographical assessment administered for FAA-ATO-15-ALLSRCE-40166. 2) I am requesting all emails and other written communications (Lync, documents, presentations, etc.) related to the scoring of the biographical assessment between individuals in the Office of the Administrator (AOA), Air Traffic Organization (ATO), and Human Resources (AHR) Line's of Business. 3) I am requesting information regarding the empirical validation of the biographical assessment noted in the rejection notification. This includes any report created by, given to, or regarding APTMetrics' evaluation and creation and scoring of the assessment.

In order to determine my status to assess fees, you should know that my fee category is:
an individual seeking records for personal use and not for profit.

**Exhibit 1**

**Page 16**

The maximum dollar amount I am willing to pay for this request is $75. Please notify me if the fees will exceed $25.00 or the maximum dollar amount I entered.

Thank you for your consideration of this request.

Sincerely,

Jorge A Rojas

Phone: 4242191582
rojas.jorge96@gmail.com

Page last modified: October 12, 2012 9:24:22 AM EDT

This page was originally published at: https://www.faa.gov/foia/email_foia/submitted/

**Exhibit 1**

**Page 17**



U.S. Department
of Transportation
**Federal Aviation
Administration**

FOIA Program Management Branch
800 Independence Avenue SW
Washington, DC 20591

May 21, 2015

Mr. Jorge Rojas
21305 Brighton Ave
Torrance, CA 90501

Re: Freedom of Information Act (FOIA) Request 2015-006130

Dear Mr. Rojas:

This letter acknowledges receipt of your FOIA request dated May 20, 2015, concerning all records concerning my application for the March 2015 Air Traffic Control Specialist hiring announcement FAA-ATO-15-ALLSRCE-40166. All emails and other written communications between individuals in the Office of the Administrator (AOA), Air Traffic Organization (ATO), and Human Resources (AHR) Line"s of Business..

Your request has been assigned for action to the office(s) listed below:

| | | |
|---|---|---|
| Federal Aviation Administration<br>Air Traffic Organization (AJI-172)<br>800 Independence Avenue SW<br>Washington, DC 20591 | Contact: | Melanie Yohe<br>Regional FOIA Coordinator<br>(202) 267-1698 |
| Federal Aviation Administration<br>FOIA Program Management Branch (AFN-140)<br>800 Independence Avenue SW<br>Washington, DC 20591 | Contact: | Susan Mclean<br>Regional FOIA Mgmnt Specialist<br>(202) 267-8574 |
| Federal Aviation Administration<br>Office of the Chief Counsel, AGC-100<br>800 Independence Avenue, SW<br>Washington, DC   20591 | Contact: | Shantell Frazier<br>FOIA Coordinator<br>(202) 267-3824 |
| Federal Aviation Administration<br>Office of Human Resources<br>1601 Lind Ave., SW<br>Renton, WA 98057 | Contact: | Beth Mathison<br>FOIA Coordinator<br>(425) 227-2070 |

Should you wish to inquire as to the status of your request, please contact the assigned FOIA coordinator(s). Please refer to the above referenced number on all future correspondence regarding this request.

Sincerely,

**Alan Eric Billings**

Digitally signed by Alan Eric Billings
DN: c=US, o=U.S. Government, ou=FEDERAL AVIATION ADMINISTRATION,
ou=FEDERAL AVIATION ADMINISTRATION, cn=Alan Eric Billings
Date: 2015.05.21 10:46:01 -04'00'

Alan Billings

**Exhibit 2**

**Page 18**



U.S. Department
of Transportation

**Federal Aviation
Administration**

Office of the Chief Counsel

800 Independence Ave., S.W.
Washington, D.C. 20591

June 18, 2015

Mr. Jorge A. Rojas
21305 Brighton Avenue
Torrance, CA 90501

Re: Freedom of Information Act (FOIA) Request 2015-006130

Dear Mr. Rojas:

This letter responds to your May 24, 2015, Freedom of Information Act (FOIA) request, seeking "information regarding the empirical validation of the biographical assessment noted in the rejection notification. This includes any report, created by, given to, or regarding APTMetrics' evaluation and creation and scoring of the assessment."

A search was conducted to locate records responsive to your request. Responsive documents were located; however, these documents are being withheld under Exemption 5 of the Freedom of Information Act. Exemption 5 allows agencies to withhold recommendations, opinions and analysis under the deliberative process privilege. To allow the release of these records would discourage open and frank discussions between agency employees that are helpful in assessing the hiring process and would also create confusion in those cases where recommendations and opinions are not adopted. Exemption 5 also protects deliberative, pre-decisional materials, such as advice, communications between an attorney and his/her client relating to a legal matter for which the client has sought advice, opinions, and recommendations rendered by agency staff in the course of reaching a final determination or position on any particular matter under agency consideration.

The undersigned is responsible for this denial. You may request reconsideration of this determination by writing the Assistant Administrator for Finance and Management (AFN-140), Federal Aviation Administration, 800 Independence Avenue, SW, Washington, DC 20591 or through electronic mail at: FOIA-Appeals@faa.gov. Your request for reconsideration must be made in writing within 45 days from the date of receipt of this letter and must include all information and arguments relied upon. Your letter must state that it is an "appeal" from the above-described denial of a request made under the FOIA and include your assigned FOIA control number. The envelope containing the appeal should be marked "FOIA."

**Exhibit 3**

**Page 19**

There is no charge to you for the processing of this request.

Sincerely,

Reginald C. Govan
Chief Counsel

Exhibit 3

Page 20



Jorge Rojas <rojas.jorge96@gmail.com>

---

## FOIA Appeal - 2015-006130 (AGC's 06/18 Response)
1 message

---

**Jorge Rojas** <rojas.jorge96@gmail.com>                                    Wed, Jun 24, 2015 at 4:54 PM
To: FOIA-Appeals@faa.gov

Hello,

Attached is a request for reconsideration/appeal regarding AGC's response on 06/18/15 to FOIA 2015-006130.

v/r,

Jorge A. Rojas

---

📄 **2015-006130 AGC APPEAL.pdf**
28K

Jorge A. Rojas
21305 Brighton Ave
Torrance, CA 90501
(424) 219-1582

Assistant Administrator for Finance and Management (AFN-140)
Federal Aviation Administration
800 Independence Avenue, SW
Washington, DC 20591

June 24, 2015

### RE: <u>FOIA APPEAL -</u> Appeal of AGC's response to FOIA 2015-006130

FOIA Appeals Officer,

The following is an appeal and a request for reconsideration regarding Reginald C. Govan's June 18, 2015 response to my May 24, 2015 Freedom of Information Act (FOIA) request 2015-006130. The FOIA requested, in part, "information regarding the empirical validation of the biographical assessment noted in the rejection notification. This includes any report, created by, given to, or regarding APTMetrics' evaluation and creation and scoring of the assessment."

The Office of the Chief Counsel cited Exemption 5. The documents that were withheld must be disclosed under the FOIA because they are not pre-decisional in nature and are not attorney-client communications. The agency has already used reports created by, given to, or regarding APTMetrics and the biographical assessment in its determination of who would pass the examination in March 2015 for the air traffic control specialist hiring announcement.

Additionally, the communications requested do not all include attorney-client communications, as reports created by or regarding the evaluation were not done by or in consultation with agency attorneys. Again, these are not pre-decisional materials as the agency has already acted upon the information (i.e. "selected" who "passed" the biographical assessment).

I ask that you reconsider this request and reverse the findings of Reginald C. Govan in his June 18, 2015 letter and require release of the documents responsive to my request.

Respectfully submitted,


/s/
Jorge A. Rojas

**Exhibit** 4

**Page** 22

## Application Status

### Application Status for **Jorge A Rojas** on announcement **FAA-ATO-15-ALLSRCE-40166**

 Thank you for submitting your application for announcement FAA-ATO-15-ALLSRCE-40166. Based upon your responses to the Biographical Assessment, we have determined that you are NOT eligible for this position as a part of the current vacancy announcement.

The biographical assessment measures ATCS job applicant characteristics that have been shown empirically to predict success as an air traffic controller in the FAA. These characteristics include factors such as prior general and ATC-specific work experience, education and training, work habits, academic and other achievements, and life experiences among other factors. This biographical assessment was independently validated by outside experts.

Many candidates applied for this position and unfortunately we have fewer job openings than there were candidates. We encourage you to apply to future vacancy announcements. Thank you again for your interest in the Federal Aviation Administration.

If you would like further information, please make your request in writing to aviation.careers@faa.gov.

**Application Status Page viewed on: May 21, 2015 9:47 PM (Central Time).**

Return to USAJOBS

## Your Application

Would you like to view your application?

View Application

## Feedback

Help us improve the application process...

Take a Survey

OMB Control: 2120-0699          Survey Information

Exhibit 5

Page 23

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

| I. (a) PLAINTIFFS ( Check box if you are representing yourself ☒ ) | DEFENDANTS ( Check box if you are representing yourself ☐ ) |
|---|---|
| Jorge Alejandro Rojas | Federal Aviation Administration |

| (b) County of Residence of First Listed Plaintiff  Los Angeles | County of Residence of First Listed Defendant  DC |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* |

| (c) Attorneys *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information. | Attorneys *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information. |
|---|---|
| Jorge Alejandro Rojas (424-219-1582)<br>21305 Brighton Ave<br>Torrance, CA 90501 | Attorney General of the United States (202-514-2000)<br>950 Pennsylvania Avenue, NW<br>Washington, DC 20530-0001 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☒ 2. U.S. Government Defendant

☐ 3. Federal Question (U.S. Government Not a Party)

☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1. Original Proceeding

☐ 2. Removed from State Court

☐ 3. Remanded from Appellate Court

☐ 4. Reinstated or Reopened

☐ 5. Transferred from Another District (Specify)

☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No ☐ **MONEY DEMANDED IN COMPLAINT:** $

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
5 U.S.C. § 552(a)(4)(B) - Freedom of Information Act failure to respond by government agency.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate Sentence | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 530 General | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 535 Death Penalty | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | **Other:** | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 540 Mandamus/Other | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 550 Civil Rights | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 555 Prison Condition | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 560 Civil Detainee Conditions of Confinement | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | **FORFEITURE/PENALTY** | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 690 Other | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **LABOR** | |
| ☒ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | ☐ 710 Fair Labor Standards Act | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 720 Labor/Mgmt. Relations | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 740 Railway Labor Act | |
| | ☐ 220 Foreclosure | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accommodations | ☐ 751 Family and Medical Leave Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 790 Other Labor Litigation | |
| | | | ☐ 446 American with Disabilities-Other | ☐ 791 Employee Ret. Inc. Security Act | |
| | | | ☐ 448 Education | | |

**FOR OFFICE USE ONLY:**  Case Number: **CV15-05811**

| CV-71 (10/14) | CIVIL COVER SHEET | Page 1 of 3 |
|---|---|---|

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII. VENUE:** Your answers to the questions below will determine the division of the Court to which this case will be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| QUESTION A: Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| ☐ Yes ☒ No | ☐ Los Angeles, Ventura, Santa Barbara, or San Luis Obispo | Western |
| If "no," skip to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question E, below, and continue from there. | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

**QUESTION B: Is the United States, or one of its agencies or employees, a PLAINTIFF in this action?**

☒ Yes ☐ No

If "no," skip to Question C. If "yes," answer Question B.1, at right.

**B.1.** Do 50% or more of the defendants who reside in the district reside in Orange Co.?
*check one of the boxes to the right* →
- ☐ YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there.
- ☒ NO. Continue to Question B.2.

**B.2.** Do 50% or more of the defendants who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.)
*check one of the boxes to the right* →
- ☐ YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there.
- ☒ NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there.

**QUESTION C: Is the United States, or one of its agencies or employees, a DEFENDANT in this action?**

☐ Yes ☐ No

If "no," skip to Question D. If "yes," answer Question C.1, at right.

**C.1.** Do 50% or more of the plaintiffs who reside in the district reside in Orange Co.?
*check one of the boxes to the right* →
- ☐ YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there.
- ☐ NO. Continue to Question C.2.

**C.2.** Do 50% or more of the plaintiffs who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.)
*check one of the boxes to the right* →
- ☐ YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there.
- ☐ NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there.

| QUESTION D: Location of plaintiffs and defendants? | A. Orange County | B. Riverside or San Bernardino County | C. Los Angeles, Ventura, Santa Barbara, or San Luis Obispo County |
|---|---|---|---|
| Indicate the location(s) in which 50% or more of *plaintiffs who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☐ |
| Indicate the location(s) in which 50% or more of *defendants who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☐ |

**D.1. Is there at least one answer in Column A?**
☐ Yes ☐ No
If "yes," your case will initially be assigned to the SOUTHERN DIVISION.
Enter "Southern" in response to Question E, below, and continue from there.
If "no," go to question D2 to the right. →

**D.2. Is there at least one answer in Column B?**
☐ Yes ☐ No
If "yes," your case will initially be assigned to the EASTERN DIVISION.
Enter "Eastern" in response to Question E, below.
If "no," your case will be assigned to the WESTERN DIVISION.
Enter "Western" in response to Question E, below. ↓

| QUESTION E: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, C, or D above: → | WESTERN |

**QUESTION F: Northern Counties?**

Do 50% or more of plaintiffs or defendants in this district reside in Ventura, Santa Barbara, or San Luis Obispo counties?   ☐ Yes ☒ No

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**IX(a). IDENTICAL CASES:** Has this action been previously filed **in this court**?   ☒ NO   ☐ YES

If yes, list case number(s): _____

**IX(b). RELATED CASES:** Is this case related (as defined below) to any civil or criminal case(s) previously filed **in this court**?   ☒ NO   ☐ YES

If yes, list case number(s): _____

**Civil cases** are related when they (check all that apply):

☐ A. Arise from the same or a closely related transaction, happening, or event;

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges.

Note: That cases may involve the same patent, trademark, or copyright is not, in itself, sufficient to deem cases related.

**A civil forfeiture case and a criminal case** are related when they (check all that apply):

☐ A. Arise from the same or a closely related transaction, happening, or event;

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. Involve one or more defendants from the criminal case in common and would entail substantial duplication of labor if heard by different judges.

**X. SIGNATURE OF ATTORNEY**
**(OR SELF-REPRESENTED LITIGANT):** _JPerez_   DATE: _07/31/2015_

**Notice to Counsel/Parties:** The submission of this Civil Cover Sheet is required by Local Rule 3-1. This Form CV-71 and the information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. For more detailed instructions, see separate instruction sheet (CV-071A).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |